
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONA TOUSIGNANT, | * | |
| | * | |
| Plaintiff, | * | CAFN: |
| | * | |
| v. | * | |
| | * | |
| STEVE TONGKUN HAHN, individually, | * | |
| And | * | |
| STEVE TONGKUN HAHN, D.M.D., P.C., | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, Plaintiff, by and through her undersigned counsel of record, and brings this Complaint pursuant to provisions of the Fair Labor Standards Act (29 U.S.C. Section 201 et seq. (hereinafter, "FLSA" or "the Act") and shows the Court as follows:

### Introduction

This action is brought Plaintiff, MONA TOUSIGNANT (hereafter, "Plaintiff" or "Tousignant") against Defendants, STEVE TONGKUN HAHN and STEVE TONGKUN HAHN, D.M.D., P.C., (hereafter, "Defendants") for declaratory, injunctive, and equitable relief together with an award of back pay, liquidated damages, and attorney's fees and other appropriate relief on account of violations of the Act.

## Jurisdiction

1.

This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. Section 1331 (federal question), and Section 1337 (commerce).

## Venue

2.

Venue is properly lodged in this judicial district and division pursuant to 28 U.S.C. §1391(b) because Defendants either reside or transact business in the Northern District of Georgia and the unlawful employment practices alleged herein were and continue to be committed in the Northern District of Georgia, Atlanta Division.

## Parties

3.

Plaintiff is a citizen and resident of the State of Georgia.

4.

Corporate defendant, STEVE TONGKUN HAHN, D.M.D., P.C., is a domestic corporation authorized to do business in Georgia and at all times pertinent to this action is or was licensed/authorized to do business in this judicial district. Unless service is waived, Defendants may be served with Summons and Complaint through its

2

registered agent, Steve Tongkun Hahn, 5490 Crossroads Drive, Suite 1, Acworth, Georgia 30102.

5.

Individual defendant, STEVE TONGKUN HAHN is a resident of the Northern District of Georgia.

## FACTS

6.

Plaintiff was an employee of Defendants engaged in commerce and the production of goods as a dental lab technician/mechanic and employed by Defendants for four years.

7.

Upon information and belief, Defendants had gross revenues in excess of $500,000 in each of the years 2011, 2012, 2013, and 2014.

8.

Defendants is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) as it was acting directly or indirectly in the interest of Defendants in its interactions with Plaintiff and controlled the terms and conditions of employment of Plaintiff and on a day-to-day basis.

9.

Plaintiff's work period consisted of a seven-day calendar week beginning on Sunday and ending on Saturday.

10.

Defendants paid Plaintiff on a salary basis and classified same exempt from the overtime requirements of the FLSA.

11.

Throughout Plaintiff's employment with Defendants, same was routinely required to work in excess of forty (40) hours per week and same routinely worked in excess of forty (40) hours per week.

12.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

13.

Plaintiff was required to be compensated at a rate of one and one-half times her hourly rate for each hour worked in excess of forty hours in any given pay period.

14.

Defendants knew or should have known that the FLSA applied to Plaintiff.

15.

Upon information and belief, in failing or refusing to pay Plaintiffs overtime as required by the FLSA, Defendants has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs were not entitled to overtime.

16.

Defendants have refused to adequately compensate Plaintiff for work in excess of forty hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

17.

Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

18.

Defendants' conduct constitute willful violations of § 207 of the FLSA, entitling Plaintiffs to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations and the award of liquidated damages.

## CLAIMS FOR RELIEF
## COUNT ONE
## VIOLATION OF 29 U.S.C. § 207
### (Overtime Violations)

19.

Paragraphs 1 through 21 are incorporated herein by this reference.

20.

Defendants' failure to compensate Plaintiff for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation.

**WHEREFORE**, Plaintiff requests that this Court:

(a)   Take jurisdiction of this matter;

(b)   Issue an Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(c)   Grant a trial by jury as to all matters properly triable to a jury;

(d)   Issue a judgment declaring that the provisions of the FLSA covered

Plaintiff and that Defendants have failed to comply with same;

(e) Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(f) Award Plaintiff prejudgment interest on all amounts owed;

(g) Award Plaintiff reasonable attorney's fees and costs; and

(h) Award any and such other further relief this Court deems just, equitable and proper.

BARNETT LAW FIRM, P.C.

/s/ Stacy Barnett
Stacy Barnett, Esq.
Ga. Bar Number 039253

THE BARNETT LAW FIRM, PC
135 Village Centre West
Suite 200
Woodstock, Georgia 30188
770.400.9170 (p)
770.400.9171 (f)
barnettlawfirm@gmail.com